IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Emanuel E. Irby, III, ) | |
| ) | |
| Plaintiff, ) | Case No.:  1-15-cv-01150 |
| ) | |
| v. ) | |
| ) | Judge:   Donald C. Nugent |
| Experian Information Solutions, Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | **Plaintiff's Motion to Remand** |
| ) | |
| ) | **Oral Argument Requested** |
| ) | |
| ) | |

Pursuant to 28 U.S.C. §1447(c), plaintiff Emanuel E. Irby, III ("Irby") moves the court to remand this case back to the Cuyahoga County Court of Common Pleas.  In support of this motion, Irby states as follows:

This case was originally filed in the Cuyahoga County Court of Common Pleas on May 9, 2015.  Wells Fargo Bank, N.A., with the consent of Experian Information Solutions, Inc., removed the case to this court on June 9, 2015.  The gravamen of Irby's complaint is that Wells Fargo and Experian committed numerous violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, by inaccurately reporting certain information on his credit report and failing to properly investigate and correct the inaccuracies in response to Irby's disputes. (Pl.'s Compl. ¶¶22-25.)

The immediate question is whether removal was proper under any provision of the "removal statute", 28 U.S.C. §1441.  The burden of proving that removal was proper lies with Wells Fargo and Experian.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. Mich. 1999).  The defendants claim removal is proper under 28 U.S.C. §1441(a) & (c).

1

Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The problem here is that state courts have concurrent jurisdiction over Fair Credit Reporting Act claims.

The express terms of the Fair Credit Reporting Act provide that an "action to enforce liability" under the statute may be brought in federal court or "in any other court of competent jurisdiction."  15 U.S.C. §1681p.  Accordingly, because the statute allows the plaintiff to choose the forum, removal is not appropriate and this case should be remanded.  *Ruth v. Westinghouse Credit Co.*, 373 F.Supp. 468 (W.D. Ok. 1974).

Although decided in the Western District of Oklahoma, the *Ruth* case is factually on point with this case.  In *Ruth*, consumers filed suit in state court alleging violation of their rights under 15 U.S.C. §1681p.  The defendants removed the action to federal court.  The consumers subsequently moved to remand the case to state court and the federal court granted the motion.  In granting the motion to remand, the court compared the jurisdictional language of the Fair Credit Reporting Act  to that of the Fair Labor Standards Act.  The Fair Labor Standards Act also allows plaintiffs to sue in either state or federal court.

The *Ruth* court reasoned that, like the Fair Labor Standards Act, the ultimate purpose of 15 U.S.C. §1681p is to protect consumers.  In line with courts barring removal of state court actions under the Fair Labor Standards Act, the *Ruth* court held that removal was improper and granted the plaintiffs' motion to remand the case to state court.  *Ruth*, 373 F.Supp. at 470.

 No federal court in the Sixth Circuit appears to have addressed this exact issue.  However, the Western Division of this district cited *Ruth* with approval in remanding the removal of a case

2

brought under the National Flood Insurance Act in *Murray v. Commercial Union Cos.*, 1974 U.S. Dist. Lexis 11848 (N.D. Oh. 1974). A copy of the *Murray* decision is attached as Exhibit A to this motion.

In *Murray*, a consumer filed suit in the Sandusky Municipal Court against an insurance company for a flood claim under an insurance policy issued pursuant to the National Flood Insurance Act. The defendant insurance company removed the action to the federal court in Toledo. The district court remanded, citing the *Ruth* decision as one of the reasons for its decision. The *Murray* court noted that, similar to the Fair Labor Standards Act and the Fair Credit Reporting Act, the National Flood Insurance Act allowed a plaintiff to file suit in either state or federal court. Based on the statutory language, the court held that the statute expressly permitted the plaintiff to choose his forum "irrespective of the wishes of the defendants." *Murray*, 1974 U.S. Dist. Lexis 11848 at *4.

In this district, the policy of remanding cases involving claims that can be brought in either state or federal court dates back to *Kuligowski v. Hart*, 43 F.Supp. 207 (N.D.Oh. 1941). *Kuligowski* involved the Fair Labor Standards Act. In that case, the court noted:

> It would be a vain thing for Congress to provide that such actions as this could be maintained in any court of competent jurisdiction, only to permit the action so commenced to be removed to the Federal Court… To the extent that [Congress] has given the right to employees to maintain actions in other courts of competent jurisdiction, it seems reasonable to conclude that it intended to give the employee the choice of jurisdiction, not the employer.

*Kuligowski v. Hart*, 43 F.Supp. 207, 208 (N.D.Oh. 1941).

The defendants may claim that *Broom v. TRW Credit Data*, 732 F.Supp. 66 (E.D. Mich. 1990), which rejected the holding of the *Ruth* case, is dispositive to the determination of the instant motion. However, that decision was incorrect and it is not binding on this court.

3

The concurrent jurisdiction over Fair Credit Reporting Act cases that Congress expressly granted within the language of the statute, further supported by the holdings of *Kuligowski, Ruth, Murray*, require this case to be remanded to state court. No other basis for removal exists.

Experian has admitted in its answer that it is an Ohio corporation. (Compl. ¶4; Ans. ¶4). As such, it is considered a citizen of Ohio and there is no diversity jurisdiction. *See United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (diversity of citizenship exists only when no plaintiff and no defendant are citizens of the same state).

For these reasons, plaintiff requests that the court enter an order remanding this matter to the Court of Common Pleas for Cuyahoga County.

                Respectfully submitted,

                /s/ Matthew L. Alden
                Matthew L. Alden (0065178)
                Luftman, Heck & Associates LLP
                2012 West 25th Street
                Suite 701
                Cleveland, Ohio 44113-4131
                Phone: 216-978-4778
                Fax:    216-539-9326
                malden@lawlh.com

                Geoff B. McCarrell (Ohio 0086427)
                Geoff B. McCarrell, LLC
                2012 W. 25th Street, Suite 701
                Cleveland, OH 44113
                Phone: (440) 226-6187
                E-mail: geoff@mccarrelllaw.com

                Counsel for Emanuel E. Irby, III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing motion to remand was filed electronically with the United States District Court for the Northern District of

Ohio, on June 16, 2015. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

/s/ Matthew L. Alden
Matthew L. Alden (0065178)

   Cited

As of: June 11, 2015 6:04 PM EDT

# Murray v. Commercial Union Cos.

United States District Court for the Northern District of Ohio Western Division

November 27, 1974

Civil No. C 74-366

**Reporter**
1974 U.S. Dist. LEXIS 11848

Jerry B. Murray, Plaintiffs, vs. Commercial Union Companies, et al., Defendants.

## Core Terms

federal court, state court, flood insurance, removal

## Case Summary

### Procedural Posture

Defendants, an insurer and an association of insurers providing flood insurance coverage, brought a motion to remove a case from the Municipal Court of Sandusky (Ohio), in which plaintiff insured sought recovery under a flood insurance policy.

### Overview

The insured brought an action on a flood insurance policy against providing flood insurance coverage that had assumed financial responsibility for payment of claims. The action was filed in state court. Defendants brought a motion to remove the case to federal court, claiming that the insured was required to have filed his action in federal court pursuant to 42 U.S.C.S. § 4053 of the National Food Insurance Act, 42 U.S.C.S. §§ 4051-56, 4082. The court denied the motion, holding that 42 U.S.C.S. § 4053 bestowed upon the insured the right, irrespective of the wishes of defendants, to bring his suit in federal or state court and that defendants could not force the insured into federal court. The court ordered the case remanded to the state court where it was originally filed.

### Outcome

The court overruled the motion for removal and remanded the case to the state court in which the case was originally filed.

## LexisNexis® Headnotes

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Insurance Law > ... > Property Insurance > Coverage > Flood Insurance

**HN1** Federal courts have a permissive grant of jurisdiction pursuant to 42 U.S.C.S § 4053 of the National Food Insurance Act, which states in part that the claimant may institute an action on such claim against such company or other insurer in the United States District Court.

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN2** In interpreting the language of the Federal Fair Labor Standards Act, which states that an employee, having a claim under the Act, may maintain his cause of action in any court of competent jurisdiction, 29 U.S.C.S. § 216(b), the majority of the decisions hold that where an employee brings the action in a competent state court, it cannot be removed to the federal court over the employees' objection.

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Insurance Law > ... > Property Insurance > Coverage > Flood Insurance

**HN3** Since all jurisdiction of the district courts arises out of congressional grant, the Congress may modify or withdraw jurisdiction. To the extent that it has given the

# Exhibit A

right to employees to maintain actions in other courts of competent jurisdiction, it seems reasonable to conclude that it intended to give the employee the choice of jurisdiction, not the employer.

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Insurance Law > ... > Property Insurance > Coverage > Flood Insurance

**HN4** The court in interpreting congressional intent as it related to federal court jurisdiction stated that by using the words "may be maintained," the Congress has intended to create in only one party the choice of forum.

Banking Law > Consumer Protection > Fair Credit Reporting > General Overview

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

**HN5** An action is not removable to federal court after the plaintiff has elected the state forum within the meaning of the jurisdiction grant providing that the cause of action may be brought in any appropriate United States district court or in any other court of competent jurisdiction. *15 U.S.C.S. § 1681p*.

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN6** There is no common law right to remove any case from a state to a federal forum. Therefore, when a defendant seeks to remove a case to federal court he must show specific statutory authority for it.

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

Insurance Law > ... > Property Insurance > Coverage > Flood Insurance

**HN7** *42 U.S.C. § 4053* permits plaintiff to choose either a competent state court or, at his sole option, the federal forum. By use of the words "may institute" Congress, as it has done in the past, has created a singular right to a claimant under the National Flood Act to maintain a cause of action in a competent state court. Perhaps Congress has recognized that many flood claims are so small that a claimant cannot afford to prosecute it unless he has resort to a court near at hand. Therefore, *42 U.S.C.S. § 4053* bestows upon a plaintiff the right, irrespective of the wishes of defendants, to bring his suit in federal or state court, and that the defendants may not force plaintiff into federal court.

**Opinion by:** [*1] YOUNG

## Opinion

OPINION AND ORDER

YOUNG, J:

This case came on to be heard upon petition by the defendants pursuant to *28 U.S.C. § 1441* for removal from the Municipal Court of Sandusky, Ohio to this Court. This is a civil action brought in a state court over which this Court has concurrent original jurisdiction under the provisions of *42 U.S.C. § 4053*. In this action, plaintiff's claim against the defendants is based upon a contract of flood insurance entered into between plaintiff and defendant Commercial Union Insurance Co. This flood insurance policy was written pursuant to the National Flood Insurance Act of 1968 as amended. Defendant National Flood Insurers Association, Located in New York City, is an association of insurers providing flood insurance coverage which assumes financial responsibility for the payment of claims. Congress specficially provided for an encouraged pools of insurers to participate in the flood insurance program. *42 U.S.C. §§ 4051-56*, *4082*, as amended.

The primary issue raised by this motion relates to the removability to the federal system of an action in which the congressional jurisdictional grant creates the power to elect the forum in a [*2] single party and, secondly, whether the exercise of this election precludes the defendants, seeking removal from the competent state court. **HN1** Federal courts have a permissive grant of jurisdiction pursuant to *42 U.S.C. § 4053* of the National Food Insurance Act which states in pertinent part:

[T]he claimant . . . may institute an action on such claim against such company or other insurer in the United States District Court. . . .

# Exhibit A

The language and intent of the Congress by using the words "may institute" merits special attention. Plaintiff asserts that by using these words the Congress is creating in him the sole power of election of forum irrespective of the inclinations of the defendants. Defendants argue that the plaintiff's initial choice of the forum does not preclude their own right pursuant to 28 U.S.C. § 1441 to have the alleged federal question resolved by a competent federal court. The crux of th4e issue is whether Congress has created an exception to 28 U.S.C. § 1441 by using the phrase "the claimant . . . may institute" in 42 U.S.C. § 4053.

Since it appears that there is not authority directly on point, an analogy may be drawn by examining other congressional **[*3]** grants of jurisdiction in which an option to proceed in the federal forum is given to one party. **HN2** In interpreting the language of the Federal Fair Labor Standards Act which states that an employee, having a claim under the Act, may maintain his cause of action in any court of competent jurisdiction, 29 U.S.C.A. § 216(b), the majority of the decisions hold that where an employee brings the action in a competent state court it cannot be removed to the federal court over the employees' objection. Annot., 172 A.L.R. 1157 (1948). Specifically, Kulgowski v. Hart, 43 F. Supp. 207 (N.D. Ohio 1941), stated that:

**HN3** Since all jurisdiction of the District Courts arises out of Congressional grant, the Congress may modify or withdraw jurisdiction. To the extent that it has given the right to employees to maintain actions in other courts of competent jurisdiction, it seems reasonable to conclude that it intended to give the employee the choice of jurisdiction, not the employer. (emphasis added) 43 F. Supp. at 208.

Further, in Johnson v. Butler Bros., 162 F.2d 87 (8th Cir. 1947), **HN4** the court in interpreting congressional intent as it related to federal court jurisdiction stated that by using the **[*4]** words "may be maintained," the Congress intended to create in only one party the choice of forum. See. also, Apple v. Shulman Publications, Inc., 65 F. Supp. 677 (D. N.J. 1943); Smith v. Day and Zimmerman, 65 F. Supp. 209 (S.D. Iowa 1946).

In a recent case, Ruth v. Westinghouse Credit Co., 373 F. Supp. 468 (N.D. Okla, 1974), the court stated **HN5** an action is not removable to federal court after the plaintiff has elected the state forum within the meaning of the jurisdiction grant providing that the cause of action may be brought in any appropriate United States district court or in any other court of competent jurisdiction. 15 U.S.C. § 1681p. In the case at bar, the Court is confronted with similar language. The Court fails to discern a substantial difference between the effect of Congress using the phrase "may maintain" (29 U.S.C.A. § 216b), "may be brought" (15 U.S.C.A. § 1681P), and the language under present consideration, "may institute" (42 U.S.C. § 4053).

**HN6** There is no common law right to remove any case from a state to a federal forum. Therefore, when a defendant seeks to remove a case to federal court he must show specific statutory authority for it.

This Court **[*5]** finds that **HN7** 42 U.S.C. § 4053 permits this plaintiff to choose either a competent state court or, at his sole option, the federal forum. By use of the words "may institute" Congress, as it has done in the past, created a singular right to a claimant under the National Flood Act to maintain the cause of action in a competent state court. Perhaps Congress recognized that many flood claims, as here, are so small that a claimant cannot afford to prosecute it unless he has resort to a court near at hand. Wingate v. General Auto Parts Co., 40 F. Supp. 364 (W.D. No. 1941).

Therefore, the Court finds that 42 U.S.C. § 4053 bestows upon this plaintiff the right, irrespective of the wishes of defendants, to bring his suit in federal or state court, and that the defendants may not force this plaintiff into federal court.

Therefore, for the reasons set forth herein and for good cause appearing, it is

ORDERED that the motion of the defendants for removal from the Municipal Court of Sandusky, Ohio to this Court should be and hereby is overruled, and it is

FURTHER ORDERED that this case will be remanded to the Municipal Court **[*6]** of Sandusky, Ohio.

IT IS SO ORDERED.

# Exhibit A